IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES E. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-3179-RM-CHE |
| ) | |
| YMCA ) | District Judge Richard Mills |
| ) | |
| and ) | Magistrate Judge Charles H. Evans |
| ) | |
| AARP, ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANT AARP FOUNDATION**

Defendant AARP Foundation ("AARP Foundation")[1] answers Plaintiff's Complaint as follows:

I(A).    As to EEOC Charge No. 210-2005-03175, AARP Foundation admits that Plaintiff filed said charge before the federal Equal Employment Opportunity Commission ("EEOC") relating to a claim of employment discrimination, but denies that there exists any basis in law or fact for his claims. As to EEOC Charge No. 210-2005-02878, AARP Foundation admits upon information and belief that Plaintiff filed said charge before the federal Equal Employment Opportunity Commission ("EEOC") relating to a claim of employment discrimination, but denies that there exists any basis in law or fact for his claims. The remaining allegations in Paragraph I(A) are denied.

I(B)(1).    As to EEOC Charge No. 210-2005-03175, AARP Foundation admits that Plaintiff filed said charge before the EEOC relating to a claim of employment discrimination, and

---

[1]    AARP Foundation has been named improperly in the caption of the Complaint as "AARP."

that "AARP" was named by Plaintiff as the respondent to said Charge, but denies that there exists any basis in law or fact for his claims, and denies that "AARP" or AARP Foundation was a proper respondent to said Charge, due to the absence of an employment relationship between Plaintiff and AARP or AARP Foundation. As to EEOC Charge No. 210-2005-02878, AARP Foundation admits upon information and belief that Plaintiff filed said charge before the EEOC relating to a claim of employment discrimination, and that "YMCA" was named by Plaintiff as the respondent to said Charge, but denies that there exists any basis in law or fact for his claims, and denies that YMCA was a proper respondent to said Charge, due to the absence of an employment relationship between Plaintiff and YMCA.

I(B)(2).    As to EEOC Charge No. 210-2005-03175, AARP Foundation admits that Plaintiff filed said charge before the Chicago District Office of the EEOC, but denies that there exists any basis in law or fact for his claims. As to EEOC Charge No. 210-2005-02878, AARP Foundation admits upon information and belief that Plaintiff filed said charge before the Chicago District Office of the EEOC, but denies that there exists any basis in law or fact for his claims.

I(B)(3).    As to EEOC Charge No. 210-2005-03175, AARP Foundation admits that Plaintiff filed said charge before the EEOC, but denies that there exists any basis in law or fact for his claims. As to EEOC Charge No. 210-2005-02878, AARP Foundation admits upon information and belief that Plaintiff filed said charge before the EEOC, but denies that there exists any basis in law or fact for his claims.

I(B)(4).    As to EEOC Charge No. 210-2005-03175, AARP Foundation denies that the EEOC was "unable to conclude that there is any finding," and asserts that EEOC Charge No. 210-2005-03175 was dismissed because the EEOC was unable to conclude that the information obtained established violations of the Age Discrimination in Employment Act. As to EEOC Charge No. 210-

2005-02878, AARP Foundation denies upon information and belief that the EEOC was "unable to conclude that there is any finding," and asserts upon information and belief that EEOC Charge No. 210-2005-02878 was dismissed because the EEOC was unable to conclude that the information obtained established violations of the Age Discrimination in Employment Act.

I(B)(5).  As to EEOC Charge No. 210-2005-03175, AARP Foundation admits the allegations contained in paragraph I(B)(5). As to EEOC Charge No. 210-2005-02878, AARP Foundation admits the allegations contained in paragraph I(B)(5) upon information and belief.

I(B)(6).  As to EEOC Charge No. 210-2005-03175, AARP Foundation admits the allegations contained in paragraph I(B)(6). As to EEOC Charge No. 210-2005-02878, AARP Foundation admits the allegations contained in paragraph I(B)(6) upon information and belief.

I(B)(7).  As to EEOC Charge No. 210-2005-03175, AARP Foundation admits the allegations contained in paragraph I(B)(7). As to EEOC Charge No. 210-2005-02878, AARP Foundation admits the allegations contained in paragraph I(B)(7) upon information and belief.

I(C).  Paragraph I(C) contains no allegations of fact; accordingly, no answer is required. Alternatively, AARP Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has "attach[ed] copies of all documents [he] possess[es] relating to" EEOC Charge No. 210-2005-03175 and EEOC Charge No. 210-2005-02878, and therefore denies the allegations contained in paragraph I(C).

II(A).  Upon information and belief, AARP Foundation admits the allegations contained in paragraph II(A).

II(B).  The Complaint does not contain a paragraph numbered "II(B)" (nor does the Complaint contain a page numbered "Page 3"); accordingly, no answer to paragraph II(B) is

required. Alternatively, AARP Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph II(B), and therefore denies same.

II(C).     Paragraph II(C) contains no allegations of fact; accordingly, no answer is required. Alternatively, AARP Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph II(C), and therefore denies same.

III(A).    Upon information and belief, AARP Foundation admits the allegations contained in paragraph III(A), but denies that there exists any basis in law or fact for Plaintiff's claims of employment discrimination.

III(B).    Upon information and belief, AARP Foundation admits the allegations contained in paragraph III(B).

III(C)(1). AARP Foundation denies that "American Association of Retired Persons" has been made a party to the present action. AARP Foundation lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph III(C)(1).

III(C)(2). AARP Foundation denies that the "American Association of Retired Persons" has been made a party to the present action, but admits that AARP and AARP Foundation maintain an office at 1309 S. 9th Street, Springfield, IL 62703. AARP Foundation lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph III(C)(2).

III(C)(3). AARP Foundation denies the allegations contained in paragraph III(C)(3).

III(C)(4). Insofar as the allegations contained in paragraph III(C)(4) are directed at AARP Foundation, said allegations are denied. Insofar as the allegations contained in paragraph

III(C)(4) are directed at Defendant YMCA, AARP Foundation lacks knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore denies same.

III(C)(5). Paragraph III(C)(5) contains no allegations of fact; accordingly, no answer is required. Alternatively, AARP Foundation lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III(C)(5), and therefore denies same.

III(D). Upon information and belief, AARP Foundation admits the allegations contained in paragraph III(D).

IV. AARP Foundation denies the allegations contained in paragraph IV.

V. To the extent that it may be necessary, AARP Foundation denies that Plaintiff is entitled to any of the relief prayed for or sought in the Complaint. To the extent not expressly admitted herein, AARP Foundation denies each and every allegation contained in the Complaint.

## AFFIRMATIVE DEFENSES

By way of further answer to the Complaint, and pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant AARP Foundation sets forth the following affirmative defenses:

1. Plaintiff's claims against AARP Foundation are barred by the absence of an employment relationship between Plaintiff and AARP Foundation. Alternatively, the Court lacks jurisdiction over Plaintiff's claims against AARP Foundation due to the absence of an employment relationship between Plaintiff and AARP Foundation.

2. Plaintiff failed to effectuate proper service of process upon AARP Foundation by failing to serve AARP Foundation with a complete copy of the Complaint together with the summons as required by Rule 4(c)(1) of the Federal Rules of Civil Procedure.

3. Plaintiff failed to serve sufficient process upon AARP Foundation in that the summons served by or on behalf of Plaintiff failed to properly identify AARP Foundation as a party

to this action and was not directed to AARP Foundation, as required by Rule 4(a) of the Federal Rules of Civil Procedure.

4. The Court lacks jurisdiction over matters that occurred more than 300 days prior to the filing by Plaintiff of a charge of employment discrimination.

5. The Court lacks jurisdiction over those allegations and claims in the Complaint, including but not limited to any claims of race discrimination, that are not the subject of nor are related to the allegations stated in EEOC Charge Nos. 210-2005-02878 and 210-2005-03175.

6. AARP Foundation is entitled to attorneys' fees under 42 U.S.C. § 1988(b).

7. At all pertinent times, Plaintiff was treated in a fair and non-discriminatory manner.

8. Although AARP Foundation denies the allegations of unlawful conduct as set forth in Plaintiff's Complaint, at all times relevant to this action AARP Foundation acted lawfully and in good faith, and without malice and/or reckless indifference to Plaintiff's federally protected rights, and without intent to deny Plaintiff any rights under state or federal laws or constitutions, and had reasonable grounds for believing its actions or omissions toward Plaintiff were not violative of any law.

9. At all times relevant to this action, AARP Foundation acted in good faith, and in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, and interpretations of appropriate agencies of the United States.

WHEREFORE, Defendant AARP Foundation respectfully requests as follows:

1. That after such proceedings as this Court may deem appropriate, the Court enter an order and judgment dismissing with prejudice the allegations and claims against AARP Foundation contained in the Complaint and awarding it costs and attorneys' fees; and

2.  That AARP Foundation have such other and further relief, both legal and equitable, as this Court may deem appropriate and just.

>
> Respectfully submitted,
>
> AARP Foundation
>
> By:  One of Its Attorneys
>
> s/Michael P. Butler
> Attorney Bar Number:  06224597
> Attorney for Defendant AARP Foundation
> EPSTEIN BECKER & GREEN, P.C.
> 150 N. Michigan Avenue, Suite 420
> Chicago, Illinois 60601
> Telephone: (312) 499-1400
> Facsimile:  (312) 845-1998
> Email: mbutler@ebglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2005, I presented the foregoing ANSWER OF DEFENDANT AARP FOUNDATION to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to Counsel for Defendant YMCA, Francis J. Lynch, Wolter Beeman & Lynch, 413 S. Seventh St., Springfield, IL 62701, and that an exact copy of the foregoing was served by first class mail delivery upon Plaintiff James Henderson, 2109 E. Jackson, Springfield, IL 62703.

> s/Michael P. Butler
> Attorney Bar Number:  06224597
> Attorney for Defendant AARP Foundation
> EPSTEIN BECKER & GREEN, P.C.
> 150 N. Michigan Avenue, Suite 420
> Chicago, Illinois 60601
> Telephone: (312) 499-1400
> Facsimile:  (312) 845-1998
> Email: mbutler@ebglaw.com