**E-FILED**
Tuesday, 18 October, 2005  02:43:29 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

JAMES E. HENDERSON,                  )
                                     )
        Plaintiff,                )
                                     )
    v.                               )    No.:   05-3179
                                     )
YMCA and AARP,                       )
                                     )
        Defendants.               )

## MOTION FOR SUMMARY JUDGMENT

NOW COMES the YMCA of Springfield, by its attorneys, WOLTER, BEEMAN & LYNCH, and hereby moves this Court to enter summary judgment against the Plaintiff, James E. Henderson, and in favor of Defendant, Springfield YMCA, and in support thereof this Defendant states as follows:

1.    The Plaintiff herein has filed a Complaint against this Defendant in the United States District Court for the Central District of Illinois alleging employment discrimination under Title VII of the Civil Rights Act of 1964 (42 USC Section 2000 E-5).

2.    The Plaintiff had previously filed a charge against this Defendant before the Federal Equal Employment Opportunities Commission.  A copy of the Plaintiff's Charge and Petition was filed as an Exhibit to Plaintiff's Complaint filed July 28, 2005 and is incorporated herein by reference.

3.    The Petitioner's charge of employment discrimination against this Defendant was dismissed by the EEOC on May 23, 2005 on the basis that the Defendant is not and was not at any time an

employee of this Defendant.  A copy of the EEOC dismissal was attached to Plaintiff's Complaint and is incorporated herein by reference.

4.    In his Complaint the Plaintiff alleges that he was an employee of the Springfield YMCA and worked as a laundry worker.

5.    The Defendant herein is entitled to summary judgment because the Plaintiff was not an employee of the Defendant.  The Plaintiff was enrolled in a social service program of the American Association of Retired Persons (AARP).  No employer/employee relationship existed between the Plaintiff and this Defendant, the Springfield YMCA.

6.    Mr. Henderson did not serve the Springfield YMCA as a paid employee.  He was placed with the Springfield YMCA as a volunteer through the Senior Community Service Employment Program (SCSEP).  The placement was part of the SCSEP work training program.

7.    As the Plaintiff was not an employee of the Springfield YMCA but, rather, was working as a volunteer through a temporary work training program, the provisions of Title VII of the Civil Rights Act of 1964 provides the Plaintiff with no relief against this Defendant.

8.    Whereas the Defendant was a volunteer who undertook his position with the Springfield YMCA as a work training program for a fixed time period as a trainee, the Plaintiff is not entitled to any relief under the provisions of Title VII of the Civil Rights Act of 1964.

9.    Defendant, Springfield YMCA, is entitled to summary judgment in this matter.

10.    Attached hereto as Exhibit A is an Affidavit executed by Jill Steiner, Associate Executive Director and Director of Human Resources at the Springfield YMCA, identifying, describing and attesting to the nature of the Plaintiff's relationship with the Springfield YMCA and establishing that the Plaintiff was not an employee of the Springfield YMCA.

11.    The Plaintiff herein has filed certain documents with the District Court on October 11, 2005.  They include a letter, W-2 forms, and employment documents from Plaintiff.   Said filing consists of seven pages.   Defendant respectfully suggests that the Plaintiff's filings before this Court constitute an admission and establish that the Plaintiff was not an employee of the Springfield YMCA.

WHEREFORE, Defendant, Springfield YMCA, prays this Court enter summary judgment in its favor and against the Plaintiff.


                                        YMCA OF SPRINGFIELD


                                        /s/____Francis J. Lynch_____
                                            WOLTER, BEEMAN & LYNCH
                                                Its Attorneys

3

```
STATE OF ILLINOIS      )
                       )  ss
COUNTY OF SANGAMON     )
```

**AFFIDAVIT**

Now comes Jill Steiner and under oath hereby swears and affies as follows:

1.    The matters set forth herein are based on personal knowledge and are sworn by me to be true.  The affiant can and will testify on personal knowledge as to each of the facts set forth herein.

2.    The Springfield YMCA is a not-for-profit organization doing business in Springfield, Illinois.

3.    The Springfield YMCA has arrangements with several social service agencies to provide opportunities for volunteer and training programs.

4.    One of the volunteer and training programs which coordinates with the Springfield YMCA to provide said services is the Senior Community Service Employment Program (SCSEP).

5.    The American Association of Retired Persons operates the SCSEP for the purpose of providing elderly participants with work training opportunities.

6.    The Plaintiff herein, James E. Henderson, did not ever serve as an employee of the Springfield YMCA.  Rather, he was placed with the Springfield YMCA as a volunteer through the Senior Community Service Employment Program, part of the aforementioned SCSEP work training program.

7.    The volunteer position into which Mr. Henderson was placed was as a laundry worker.  There were no paid employees for this position within the YMCA prior to Mr. Henderson's placement with the Springfield YMCA, during his placement, or any time since his placement ended.  A "laundry worker" is solely a volunteer position within the YMCA created as a community service and as a direct result of the partnership with SCSEP to provide work and work training opportunities to SCSEP participants.

8.    The placement of the Plaintiff, James E. Henderson, and all similar SCSEP volunteers, was a 30-day placement based on funding from the SCSEP.

9.    The YMCA did not provide and has never provided any financial subsidy for this program, for that placement, or for the volunteer position occupied by James E. Henderson.

EXHIBIT A

10. After James E. Henderson's placement period expired, the term of his participation in that program with the YMCA ended. Subsequent to the termination of this volunteer placement, another SCSEP volunteer was placed in that position when funding for that position was restored. The man who undertook that position was named William Palumbo. Mr. Palumbo was 72 years of age at the time of his voluntary placement (DOB: 9/8/32).

11. The YMCA does not restrict any initial placement from SCSEP. The SCSEP has the sole discretion to determine who they place with the YMCA based on the tasks involved and matching those tasks with participation and eligible older adults involved in the SCSEP program.

12. Work training placements for laundry room workers are made through SCSEP. Participants in that program by Federal guidelines must be a minimum of 55 years old. Any and all eligible participants are persons 55 years or older.

13. At the conclusion of Mr. Henderson's volunteer term there was no position available at the Springfield YMCA for which he was qualified. Since funding was restored, the Springfield YMCA has engaged volunteer services in the same or similar position from other SCSEP participants who were both older and younger than the Plaintiff and has allowed placement of those voluntary workers without any consideration whatsoever of those workers' age.

14. The placement of the Plaintiff in the SCSEP voluntary position was done as a social service by the Springfield YMCA as an effort to provide employment training opportunities to elderly workers and was done in accordance with the Age Discrimination Act of 1967.

JILL STEINER, Associate
Executive Director & Director
of Human Resources, Springfield
YMCA

Subscribed and sworn to before me, a Notary Public, this 18th day of ~~September~~, 2005.
October

NOTARY PUBLIC

"OFFICIAL SEAL"
Rhonda L. Harter
Notary Public, State of Illinois
My Commission Exp. 01/27/2006

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that an exact copy of the above and foregoing Motion for Summary Judgment was served upon the attorneys of record of all parties to the above cause by electronic filing and first class mail delivery to:


              Mr. James Henderson
              2109 E. Jackson
              Springfield, IL  62703

              Mr. Michael P. Butler -
              mbutler@ebglaw.com &
              bcipar@ebglaw.com

              Original to Court


on this 18th day of October, 2005.


              /s/__Francis J. Lynch_____




FRANCIS J. LYNCH
WOLTER, BEEMAN & LYNCH
Attorneys for Defendant YMCA
413 South Seventh Street
Springfield, Illinois  62701
Phone:  217/753-4220
Fax:  217/753-4456
Attorney No. 0618 5669

lynch\ymca\henderson.motion4sj