**E-FILED**
Tuesday, 18 October, 2005  02:57:37 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES E. HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.:  05-3179 |
| | ) |
| YMCA and AARP, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COMES the YMCA of Springfield, by its attorneys, WOLTER, BEEMAN & LYNCH, and for its Memorandum in Support of its Motion for Summary Judgment hereby states as follows:

### INTRODUCTION

The Plaintiff herein, James E. Henderson, has filed a Complaint against this Defendant in the United States District Court for the Central District of Illinois.  The Plaintiff's Complaint alleges employment discrimination under Title VII of the Civil Rights Act of 1964.  The action before the District Court was filed pursuant to a right to sue letter which was issued to the Defendant following the dismissal of his age discrimination case before the Equal Employment Opportunity Commission.  The EEOC Complaint was dismissed.

The YMCA has filed a Motion for Summary Judgment.  As grounds for its Motion, the YMCA asserts that the Plaintiff

cannot recover against the YMCA under Title VII of the Civil Rights Act for the reason that the YMCA was not the Plaintiff's employer.

## APPLICABLE LAW

Title VII of the Civil Rights Act applies to any employer who "has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person..." (42 USC, § 2000e(b)).

In order to be counted as an "employee", a person must have a "employment relationship" under the traditional principles of agency law.  (Walters v. Metropolitan Educational Enterprises, Inc., 519 U.S. 202 (1997); Alexander v. Rush North Shore Medical Center, 101 Fed.3d 487, 491 (7th Cir. 1997)).  Independent contractors do not have such a relationship.  id at 492. Volunteers are not counted as "employees" for determining the Federal Court's jurisdiction over an employer, see e.g. Vickery v. Minooka Volunteer Fire Department No. 97, see 2877, 1997 WL 821588 (N.D. Ill. 1997) and Abbott v. Minooka Volunteer Fire Department No. 97, 1998 WL 102719 (N.D. Ill. 1998).

The Plaintiff asserting an employment discrimination claim under Title VII must first establish four elements in order to go forward with his case:  (1) he is a member of a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) the Defendant treated

similarly situated employees outside of his class more favorably (Russell v. Board of Trustees of the University of Illinois at Chicago, 243 Fed. 2d 336, 341 (7th C. 2001)).    In order to satisfy these criteria, the Plaintiff must show that they suffered from an adverse "employment action" as a direct result of a protected status.    To have an action under Title VII, the Plaintiff must make an adequate evidentiary showing that there has been "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."    (Stutler v. Illinois Department of Corrections, 263 F.3d 698, 703 (7th Circuit 2001)) In other words, the adverse action must materially alter terms and conditions of **employment**.    (Stutler, 263 F.3d at 703)

At the summary judgment stage, once an employer articulates legitimate non-discriminatory reasons for its conduct and actions, the burden shifts to the claimant to present evidence to support a finding that the reasons for employers' actions are pretextual and that the claimant was a victim of intentional discrimination (Mills v. Healthcare Service Corporation, 171 F.3d 450, 458, 7th Circuit 1999).

## FACTS

The Defendant in this case, Springfield YMCA, has submitted an Affidavit of its Associate Executive Director.  The Affidavit establishes the following.

1.   The Plaintiff in this action, James Henderson, was not an "employee" of the Springfield YMCA.

2.   James Henderson was placed with the YMCA as a volunteer through the Senior Community Service Employment Program.

3.   The Springfield YMCA cooperates with the Senior Community Service Employment Program (SCSEP) to provide social service agencies an opportunity for work force training.

4.   The Plaintiff's placement with the Springfield YMCA was not a permanent placement and was not in the nature of employment.  Rather, it was a volunteer and training position as a laundry worker - a solely voluntary position within the YMCA. As with all similar SCSEP volunteers, the Plaintiff's placement with the YMCA was a 30 day placement based on funding from the SCSEP.

5.   The Affidavit of the Associate Executive Director of Springfield YMCA further establishes a legitimate and non-pretextual reason for terminating the Plaintiff's employment. As noted in Ms. Steiner's Affidavit, the Plaintiff's placement

4

period expired and the term of his participation in the SCSEP

program with the YMCA ended.

6.    Furthermore,    no    action    was    taken    against    James

Henderson based on any protected class, particularly age.    The

Affidavit of Jill Steiner establishes that after Mr. Henderson's

temporary period of placement expired, and when subsequent

funding for the position was restored by SCSEP, the position in

question was offered to one William Palumbo, a person of 72

years of age (DOB: 9/8/32).

In addition to the Affidavit of Jill Steiner, there now is

filed before the Court a letter from James Henderson directed to

District Judge Richard Mills and Magistrate Charles H. Evans.

Defendant, Springfield YMCA, respectfully suggests that the

Plaintiff's letter represent an admission by a party in this

matter.    The Defendant's letter establishes that the Plaintiff

was "enrolled in the AARP senior program" when he had a heart

attack.    According to the Plaintiff, he was told that he would

have a job when he became well enough to return to work and

enrolled with AARP to return to that program on 4/19/04.

The Plaintiff's submission establishes that AARP gave him a

"temporary assignment" working at the YMCA.

## CONCLUSION

The  Affidavit  of  Jill  Steiner  and  the  Plaintiff's  own

filings establish that as a matter of law the Plaintiff cannot

recover from the Springfield YMCA.    The Plaintiff cannot, as a
matter   of   law,   establish   the   necessary   and   requisite
relationship between himself and the Springfield YMCA so as to
allow  him  any  basis  for  relief  or  recovery  against  this
Defendant under the allegations of the Plaintiff's Complaint.


                                YMCA OF SPRINGFIELD


                          /s/____Francis J. Lynch_____
                             WOLTER, BEEMAN & LYNCH
                                Its Attorneys

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that an exact copy of the above and foregoing Motion for Summary Judgment was served upon the attorneys of record of all parties to the above cause by electronic filing and first class mail delivery to:

>              Mr. James Henderson
>              2109 E. Jackson
>              Springfield, IL  62703
>
>              Mr. Michael P. Butler -
>              mbutler@ebglaw.com &
>              bcipar@ebglaw.com
>
>              Original to Court

on this 18th day of October, 2005.


                    /s/__Francis J. Lynch_____


FRANCIS J. LYNCH
WOLTER, BEEMAN & LYNCH
Attorneys for Defendant YMCA
413 South Seventh Street
Springfield, Illinois  62701
Phone:  217/753-4220
Fax:  217/753-4456
Attorney No. 0618 5669

lynch\ymca\henderson.motion4sj