E-FILED
Friday, 18 November, 2005 01:37:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES E. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 05-3179 |
| | ) | |
| YMCA and AARP, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge

The Court now considers Defendant YMCA's Motion for Summary Judgment.

## FACTS

On July 28, 2005, Plaintiff James E. Henderson sued Defendant YMCA for employment discrimination under 42 U.S.C. § 2000e, *et seq*. Henderson alleged that the YMCA employed him as a laundry worker before discharging him on May 23, 2005. Henderson claims that the YMCA replaced him by hiring a younger white worker.

1

On October 18, 2005, the YMCA moved for summary judgment. The YMCA contended that Henderson was a volunteer at the YMCA, not an employee. According to the YMCA, Henderson was placed with the YMCA as a volunteer through the Senior Community Service Employment Program ("SCSEP"), a social service program of the American Association of Retired Persons ("AARP"). Henderson's volunteer position with the YMCA was for a period of 30 days. Once that period expired, Henderson's position expired as well.

Henderson has not timely responded to the YMCA's summary judgment motion.

## ANALYSIS

Title VII defines an "employee" as "an individual employed by an employer." See 42 U.S.C. § 2000e(f). This definition has aptly been called "unhelpful [ ]," and "circular". See Pietras v. Bd. of Fire Comm'rs, 180 F.3d 468, 473 (2d Cir.1999), O'Connor v. Davis, 126 F.3d 112, 115 (2d Cir. 1997), respectively. "Courts have assumed, however, that in

using the term employee Congress had in mind 'the conventional master-servant relationship as understood by common-law agency doctrine.'" Pietras, 180 F.3d at 473 (quoting Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-23, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)).

Common-law principles are used to analyze the character of an economic relationship "only in situations that plausibly approximate an employment relationship." Graves v. Women's Prof'l Rodeo Assoc., 907 F.2d 71, 74 (8th Cir.1990). Where no financial benefit is obtained by the purported employee from the employer, no "plausible" employment relationship of any sort can be said to exist. Id. at 73. Thus, in Tadros v. Coleman, 898 F.2d 10, 11 (2d Cir. 1990), the Second Circuit affirmed the dismissal of a plaintiff's Title VII claims because plaintiff, a hospital volunteer, received no salary, health benefits, retirement benefits, or regular hours assigned by the hospital. Id. The court's affirmance recognized remuneration as the "essential condition" of employment for Title VII purposes. Id.

Like the defendant in Tadros, the YMCA did not pay Henderson

3

and control his work. Henderson was a volunteer whose only remuneration came through "SCSEP", a social service program of the AARP. Because the YMCA did not pay Henderson a salary or other wages, Henderson cannot bring suit under Title VII.

Even if this were not the case, Henderson's race and age discrimination claims against the YMCA would still fail. Whether Henderson is alleging claims under Title VII or the ADEA, he must show that the YMCA subjected him to an adverse employment action due to his race or age. See Title VII, 42 U.S.C. § 2000e-2(a)(1) (it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race . . . "; ADEA, 29 U.S.C. § 623(a)(1) (it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

The uncontroverted evidence establishes that Henderson held a 30-day temporary position with the YMCA and that the position expired when the 30 days elapsed.  There is no evidence to show that Henderson's position was terminated because of race, age, or any other impermissible factor.

ERGO, Defendant YMCA's Motion for Summary Judgment (d/e 13) is ALLOWED.  Defendant YMCA is dismissed from this case.

IT IS SO ORDERED.

ENTER:  November 17, 2005.

FOR THE COURT

s/ Richard Mills
United States District Judge

5