E-FILED
Tuesday, 24 January, 2006 02:55:57 PM
Clerk, U.S. District Court, ILCD

To: District Judge Richard Miller

James E. Henderson V. YMCA and AARP

No. 3:05-CV-3179-R M-CHE

Dear District Judge Richard Miller

FILED
JAN 20 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Facts:

Mel Radowitz Associate General
said I first enrolled in the AARP
Foundation on October 21, 2001 at the
time of his enrollment he was 66
years old. He was assigned to St.
Joseph's Nursing Home. I first enrolled
in AARP Foundation in 1998 Gary
Monsun was Project Director. I was
in the training program and I should
have been put back in the training
program to finish my training when
I was well enough to return to
work. I was in the program in
1998 and there was no 30 day
training programs. I would like
to know why AARP would not
tell the truth about me being in
the program since 1998.

AARP said I signed an agreement
on 10/01/01 How could I have signed
on 10/01/01 when I signed an agreement
on 10/21/01 to re-enrolled in the

training program? AARP said I enrolled in the training program on 10/01/01, it was 10/21/01 when I re-enrolled in the training program.

Why wasn't I given an extension for me to come back into the program? AARP brought me back for 30 days only to let me go.

I know people that have been in the AARP training program for a few years, they did not have a 30 day assignment. When AARP Foundation get ready to terminate you, they will give you a 30 day assignment, if the Host Agent dont hire you, they will put someone else in your place, a younger person.

Why did AARP Foundation said they didn't have enough funds to keep me in training, but they can train someone else?

My enrollment date is 04/19/04 but Ann Marie Srkzekut paper said 04/08/04. Why are these dates different and on my separation date which I didn't sign, but Project

Director Karen Lentsch signed on 06/04/04, the signatures dont look the same on all the papers. Karen Lentsch should sign her name, so we can see which one is a forge signature.
Why are these signatures different?
The SCSEP is designed to provide job training and job search assistance to individuals age 55 and older with limited income. If enrolled, during your <u>months</u> on the program you will be assigned to temporary work / training assignments for which they will be paid for training to offset costs of looking for permanent, unsubsidized employment.
There is nothing different than any other case than the referral disclosure where not my case as merit is not a disclosure question, but as for summary judgement,
Why does AARP Foundation refuse to show my record for 1998, 1999 and 2002?

James Henderson



May 13, 2005

**VIA EXPRESS MAIL**

RECEIVED EEOC

MAY 1 7 2005

CHICAGO DISTRICT OFFICE

**Board of Directors**
Marie F. Smith
*President*

Charles Leven
*Vice President,*
*Board Governance/Board Chair*

W. Lee Hammond
*Vice President, Membership*

Douglas C. Holbrook
*Vice President, Secretary/Treasurer*

Erik D. Olsen
*President-Elect*

Yash Aggarwal, PhD, JD
Nelda Barnett
Cora L.E. Christian, MD, MPH
Bonnie M. Cramer
Lavada E. DeSalles
Joanne Disch, PhD, RN, FAAN
Jennie Chin Hansen, RN, MS
Richard Johnson
Culberto Jose Maldonado
Mary Jane O'Gara
N. Joyce Payne, EdD
Clarence Pearson
Angel Rodolfo "A R " Sales
Mary C. Scott
Thomas Byron Thames, MD

Mr. Ernesto Melendez
Investigator
EEOC – Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL  60661

Re:    James E. Henderson v. AARP Foundation SCSEP
       EEOC 210-2005-03175

Dear M. Melendez:

Please consider this AARP Foundation's response to the above referenced charge of discrimination. As more fully demonstrated below there is absolutely no basis for Mr. Henderson's charge that the AARP Foundation discriminated against him on the basis of his age in his receipt of aid under the Senior Community Service Employment Program (SCSEP). Moreover, the EEOC lacks jurisdiction to consider the allegations of his charge.

Even without regard to the jurisdictional issue we are confident that Mr. Henderson has not presented any persuasive credible evidence to support any aspect of his charge. Mr. Henderson first enrolled in the AARP Foundation SCSEP on October 21, 2001. At the time of his enrolment he was 66 years old. He was assigned to St. Joseph's Nursing Home.

Approximately five months later he left the Program because of poor health. He reenrolled on April 19, 2004. At the time of his reenrollment he was approximately 69 years old. He was given a temporary 30 day assignment to the YMCA. At the conclusion of the 30 day training assignment, the YMCA elected not to hire him for a position. The AARP Foundation SCSEP had no roll in the YMCA's decision not to hire Mr. Henderson. The AARP Foundation is not aware of any information that would support Mr. Henderson's claim that he was not offered a position with the YMCA because of his age.

Enrollees must sign "Enrollment Agreements" acknowledging their obligations under the Program.  These Agreements expressly provide that Enrollees are not employees of the AARP Foundation or the Host Agencies to which they are assigned. We have enclosed copies of the two Enrollee Agreements signed by Mr. Henderson. We have "highlighted" the pertinent sections of this Agreement (see, Exhibit 1).

Please let us know if we can provide you with any additional information.

Very truly yours,

Mel Radowitz
Associate General Counsel

Cc:    Jim Smith
       Karen Lentsch
       Liane Gould