E-FILED
Wednesday, 01 February, 2006 04:42:41 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT B

## DECLARATION OF MELVIN RADOWITZ

I, Melvin Radowitz, in accordance with 28 U.S.C. § 1746, state under penalty of perjury as follows:

1. I am an Associate General Counsel for AARP.

2. Attached hereto as group Exhibit 1 are true and correct copies of decisions issued by Equal Employment Opportunity Commission ("EEOC") District Offices in Detroit, Michigan; Gary Indiana; Miami, Florida and New Orleans, Louisiana, as well as the Florida Commission on Human Relations, the Illinois Department of Human Rights, and the Bureau of Labor and Industries, State of Oregon, Civil Rights Division, all dismissing charges filed by SCSEP enrollees against AARP Foundation because of the absence of an employer-employee relationship; these decisions were received by me in the ordinary course of business.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT, AND THAT THIS DECLARATION WAS SIGNED IN WASHINGTON, D.C. ON January 31, 2006.

ANGELA L. HURLEY
Notary Public, District of Columbia
My Commission Expires Dec. 14, 2007

MELVIN RADOWITZ

Subscribed and sworn to before me this 31ST day of _____, 2006.

Notary Public

CH:86200v1

EXHIBIT B

# EXHIBIT B, EX. 1

EEOC Form 161 (10/96)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Walter Blair  
5100 Brush Apt. #304  
Detroit, Michigan 48202

From: United States Equal Employment Opportunity Commission  
Detroit District Office  
477 Michigan Avenue - Room #865  
Detroit, Michigan 48226

[ ]   *On behalf of person(s) aggrieved whose identity is*  
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 230-2004-00662 | Joyce Dawkins, Investigator | (313) 226-4818 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ X ]   Other *(briefly state)*   No employee/employer relationship

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_____  
James R. Neely, Jr., District Director

3/8/04  
*(Date Mailed)*

Enclosure(s)

cc: **City of Detroit - Public Lighting**

EXHIBIT  
B, Ex. 1

# DISMISSAL AND NOTICE OF RIGHTS

To: Lillian A. Foley
P.O. Box 2444
Gary, IN 46403

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

**RECEIVED**
SEP 23 2003
**OFFICE OF GENERAL COUNSEL**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 240-2003-01463 | Alvin E. Hines, Enforcement Supervisor | (317) 226-5082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)* **There is no employer/employee relationship**

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

Danny G. Harter,
District Director

**16 SEP 2003**
*(Date Mailed)*

Enclosure(s)

cc: **Mel Radowitz
Associate General Counsel
AARP
601 E Street, NW
Washington, D.C. 20049**

# DISMISSAL AND NOTICE OF RIGHTS

To: **Dorothy D. Dixie**
1564 Taft Street
Gary, IN 46404

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

**RECEIVED SEP 23 2003**
**OFFICE OF GENERAL COUNSEL**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 240-2003-01671 | Alvin E. Hines, Enforcement Supervisor | (317) 226-5082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)* **There is no employer/employee relationship.**

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]* :/ne

**Danny G. Harter,
District Director**

**18 SEP 2003**
*(Date Mailed)*

Enclosure(s)

cc: **Mel Radowitz
Associate General Counsel
AARP
601 E Street N.W.
Washington, D.C. 20049**

| To: | Judith Reed<br>3016 Essex Street<br>Shreveport, LA  71108-3612 | From: | EEOC, NODO<br>701 Loyola Avenue, Suite 600<br>New Orleans, LA  70113-9936 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No.<br>270A201252 | EEOC Representative<br>Jacquelyn Griffin, Supervisory Investigator | Telephone No.<br>504/5892052 |
|---|---|---|

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]  Other (briefly state)   There is no employee/employer relationship between the parties.

## – NOTICE OF SUIT RIGHTS –
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

_Jacquelyn J. Griffin_ (JJG)
Patricia T. Bivins, District Director         8/6/02
                                              (Date Mailed)

Enclosure
    Copy of Charge

cc:  AARP
     Mel Radowitz, Esq.
     (R's Attorney)

njrc1257

# State of Florida
# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

**Jeb Bush**
*Governor*

2009 Apalachee Parkway • Suite 100 • Tallahassee, Florida 32301-4857
(850) 488-7082
Web Site http://fchr.state.fl.us

52529
AUG 2 0 2004

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

FCHR No. 2004-21964
EEOC No. 15DA400896

DOROTHY ERBER
261 Naylor Street, N.E.
Palm Bay, Florida 32907

Complainant

AARP FOUNDATION
c/o Mel Radowitz, Assistant General Counsel
Office of General Counsel
601 E Street, N.W.
Washington, D.C. 20049

Respondent

### DETERMINATION: NO JURISDICTION

On May 27, 2004, Complainant, DOROTHY ERBER, filed an Employment Charge of Discrimination with the Florida Commission on Human Relations ("Commission") alleging that the Respondent, AARP FOUNDATION, had discriminated against her in violation of the Florida Civil Rights Act of 1992, as amended, sections 760.01-760.11, *Florida Statutes*. The alleged discrimination was based on age and disability.

The Investigator's Memorandum has been submitted by the Commission's Office of Employment Investigations to the Commission's Office of General Counsel. The Office of General Counsel has reviewed the memorandum and the case file and concurs with the conclusion that the Commission lacks jurisdiction over the Respondent.

---

### COMMISSIONERS

| | | | |
|---|---|---|---|
| **Donna Elam, Vice Chair** *Orlando* | **Gayle Cannon** *Lake City* | **John Corbett** *West Palm Beach* | **Dominique B. Saliba** *Miami Lakes* |
| **Keith A. Roberts** *Dania Beach* | **Roosevelt Paige** *Orange Park* | **Gilbert M. Singer** *Tampa* | **Aletta Shutes** *Tallahassee* |
| **Billy Whitefox Stall** *Panama City* | | **Mario Valle** *Naples* | **P. C. Wu** *Pensacola* |

FCHR No. 2004-21964
Page two

# FACTS

1. The AARP Foundation Senior Community Service Employment Program (SCSEP), is a Federal Aid Grant Program funded by the U.S. Department of Labor and administered through various state and non-profit grantees, one of which is the AARP Foundation, the Respondent. The SCSEP is designed to provide temporary training and developmental opportunities to economically disadvantaged individuals ages 55 and older.

2. The goal of SCSEP is to make enrolled participants marketable so that they can transition into paying jobs in the community. Participants enrolled (called enrollees) in the program generally train 20 hours-per-week at a community non-profit or public Host Agency for which the enrollees receive financial assistance equivalent to the current federal or state minimum wage, whichever is higher. As a condition of participation, the enrollees must be willing and able to fully participate in job search activities.

3. The Complainant was enrolled in the SCSEP program on August 28, 2002, at which time she was 84 years old. She was assigned to the Social Security Administration as a receptionist for job training in preparation for securing an unsubsidized job.

4. Enrollees must sign an Enrollment Agreement acknowledging their obligations under the Program. Periodically enrollees are requested to sign up-dated Enrollment Agreements. The Complainant signed two agreements: one on August 28, 2002 and one on November 24, 2003.

5. The August 28, 2002 agreement states:

    > SCSEP enrollees are considered to be in training status, preparing to accept unsubsidized employment, and are not employees of either the AARP Foundation or the Host Agency to which they are assigned.[1]

6. The November 24, 2003 agreement states:

    > The program is not an entitlement, nor is it designed to provide income maintenance. I acknowledge that my training with the Host Agency is NOT a job and I am not an employee of either the AARP Foundation or the Host Agency to which I am assigned.[2]

7. Enrollees are expected to cooperate with the SCSEP Project Director, employment specialists, and other staff, and to actively search for, and accept appropriate employment outside the program. Additionally, the AARP Foundation does not supervise the performance of enrollees assigned to external Host Agencies.

---

[1] *AARP FOUNDATION SCSEP ENROLLMENT AGREEMENT*, paragraph (2); signed and dated by Complainant and the Project Director on August 28, 2002.
[2] *AARP Foundation SCSEP ENROLLMENT AGREEMENT*, second unnumbered paragraph; signed and dated by Complainant on November 2003; signed and dated by the Project Director on December 1, 2003.

FCHR No. 2004-21964
Page three

## ANALYSIS

8. A matter of initial consideration is whether the Complainant was an "employee" of the Respondent. Florida law forbids any employer, defined as any corporation or other "person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent or such a person," to discriminate against an employee. §760.02(7), *Florida Statutes*.

9. There is no specific definition of "employee" in Chapter 760, *Florida Statutes*. Therefore, it is appropriate to consider Federal Civil Rights law when seeking a definition of "employee." See, *School Board of Leon County v. Hargis*, 400 So.2d 103 (1st DCA1981); *Anderson v. Lykes Pasco Packing Co.*, 503 So.2d 1269 (2nd DCA1986). An employee is defined in 42 U.S.C. Section 2000e (f) as "an individual employed by an employer...." This definition is of little help; however, case law is helpful.

10. "The definition of the term employee is not restrictive and must turn on the facts of that particular case." *E.E.O.C. v. Pettegrove Truck Service Inc.*, 716 F. Supp. 1430, 1433 (S.D.Fla. 1989). In the instant case, the Complainant and the Respondent did not intend for an employer-employee relationship to exist during the short-term, temporary training program.[3]

11. Several EEOC District Offices have recently addressed the issue of whether an employee-employer relationship exists between SCSEP enrollees and the AARP Foundation. The EEOC District Offices in Gary, Indiana, the New Orleans, Louisiana, and the Bureau of Labor and Industries, State of Oregon, Civil Rights Division have all dismissed charges filed by SCSEP enrollees because of the absence of an employer-employee relationship.[4]

12. Additionally, the Department of Labor's Statement of Assurances for SCSEP grantees requires compliance with Titles VI and VIII of the Civil Rights Act, but it does not require compliance with Title VII, which is consistent with the absence of an employer-employee relationship.[5]

13. The evidence presented shows that the Respondent and the Complainant did not have an employee-employer relationship and, therefore, the Florida Commission on Human Relations lacks jurisdiction to consider this matter. *Mousa v. Lauda Air Luftfahrt A.G.*, 258 F. Supp. 2d 1329, 1340 (S.D.Fla. 2003); *Regency Tower Owners Association Inc. v. Pettigrew*, 436 So.2d 266 (1st DCA 1983).

---

[3] See both AARP Foundation agreements.
[4] See, *Dorothy D. Dixie v. AARP Foundation*, EEOC Charge No. 240-2003-01671, September 18, 2003, EEOC Indianapolis District Office, Dismissal and Notice of Rights, "There is no employer/employee relationship."; *Clara Beth Nielson v. AARP*, EEOC Case No. ST-EM-1W-011119-42044, Bureau of Labor and Industries, State of Oregon, Civil Rights Division, Eugene, Oregon office, March 20, 2002; "The Division does not have jurisdiction because the document and information submitted by both parties indicate there was not employer-employee relationship." (emphasis deleted); *Judith Reed v. AARP*, EEOC Charge No. A201252, August 8, 2002; Dismissal and Notice of Rights, "There is no employee/employer relationship between the parties." EEOC District Office, New Orleans, Louisiana; and *Lillian A. Foley v. AARP Foundation*, EEOC Charge No. 240-2003-01463, September 16, 2003, EEOC Indianapolis District Office, Dismissal and Notice of Rights, "There is no employer/employee relationship."
[5] *Assurances - Non-Construction Programs*, Paragraph (6). Copy on file with Commission.

FCHR No. 2004-21964
Page four

## CONCLUSION

14. The Respondent is not an employer within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760, *Florida Statutes*, therefore, all jurisdictional requirements for coverage have not been met.

15. Pursuant to the authority delegated to me by Rule 60Y-2.004(2) and 60Y-5.004, *Florida Administrative Code*, it is my determination that the Commission does not have jurisdiction to investigate the allegations alleged in this complaint.

DATED: __8-23-__, 2004

Derick Daniel
Executive Director
Florida Commission on Human Relations

FILED: __8-23-__, 2004

Denise Crawford
Clerk of the Commission

Attachment: *Investigative Memorandum*; dated July 28, 2004

# State of Florida
# Florida Commission on Human Relations

*An Equal Opportunity Employer • Affirmative Action Employer*

2009 Apalachee Parkway • Suite 100 • Tallahassee, Florida 32301-4857
(850) 488-7082
Web Site http://fchr.state.fl.us

**Jeb Bush**
Governor

**Rita Barreto Craig**
Chair

**Derick Daniel**
Executive Director

FCHR No. 2004-21964
EEOC No. 15DA400896
Complainant

DOROTHY ERBER
261 Naylor Street, N.E.
Palm Bay, Florida 32907

Respondent

AARP FOUNDATION
c/o Mel Radowitz, Assistant General Counsel
Office of General Counsel
601 E Street, N.W.
Washington, D.C. 20049

## NOTICE OF DETERMINATION: NO JURISDICTION

**PLEASE TAKE NOTICE** that a Determination has been made on the above-referenced complaint and there is no jurisdiction. A copy of the Determination is attached.

The parties are advised that the Complainant may request that a formal, post-investigative proceeding be conducted. The Request for Hearing/Petition for Relief must be filed within 35 days of the date of mailing of this Notice and should be in compliance with the provision of Rule 60Y-5.008 and Chapter 60Y-4, *Florida Administrative Code*. A Petition for Relief form is enclosed. If you elect to file a Petition for Relief, it may be beneficial to seek legal counsel prior to filing the Petition.

This action will not become final until time has expired for Complainant to file a Request for Petition for Relief. Failure of Complainant to timely file a Petition for Relief will result in dismissal of the complaint pursuant to Rule 60Y-5.006, *Florida Administrative Code*.

FOR THE FLORIDA COMMISSION ON HUMAN RELATIONS:

_____
Clerk of the Commission

## CERTIFICATE OF FILING AND SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Notice of Determination was mailed to the above-named addressees this _23rd_ day of _August_, 2004 by U.S. Mail.

BY: _____

Enclosure: Petition for Relief, in blank (Complainant)

### COMMISSIONERS

| | | | |
|---|---|---|---|
| Donna Elam, Vice Chair<br>Orlando | Gayle Cannon<br>Lake City | John Corbett<br>West Palm Beach | Dominique B. Saliba<br>Miami Lakes |
| Keith A. Roberts<br>Dania Beach | Roosevelt Paige<br>Orange Park | Gilbert M. Singer<br>Tampa | Aletta Shutes<br>Tallahassee |
| Billy Whitefox Stall<br>Panama City | | Mario Valle<br>Naples | P. C. Wu<br>Pensacola |

# INVESTIGATIVE MEMORANDUM

FCHR No. 2004-21964
EEOC No. 15DA400896

Date:     July 28, 2004

To:       Office of General Counsel

From:     Timea McMillen  *TM*
          Investigator
          Office of Employment Investigations


Ms. Dorothy Erber
261 Naylor Street NE
Palm Bay, FL 32907

    **Complainant**

v.

AARP Foundation
c/o Mel Radowitz, Assistant General Counsel
601 E Street NW
Washington, DC 20049

    **Respondent**

## RECOMMENDED DETERMINATION: NO JURISDICTION

Respondent is not an employer within the meaning of one or more of the following laws: (a) The Florida Civil Rights Act of 1992, as amended (Chapter 760, Florida Statutes); (b) Title VII of the Civil Rights Act of 1964, as amended; (c) The Age Discrimination in Employment Act (ADEA); and/or (d) The Americans with Disabilities Act (ADA), and all jurisdictional requirements for coverage have not been met.

The Commission lacks jurisdiction over the instant charge because the Respondent is not an employer as defined in the Civil Rights Act, Section 760.02(7), Florida Statutes.

Respondent, AARP Foundation Senior Community Service Employment Program (SCSEP), is a Federal Aid Grant Program funded by the U.S. Department of Labor and administered through various state and non-profit grantees, one of which is the AARP Foundation. Enrollees for this Program, such as Complainant, sign an Enrollment Agreement acknowledging their obligations under the Program expressing the fact that they are not employees of the AARP Foundation or the Host Agencies to which they are assigned (Exhibits 1, 2A and 2B). Additionally, the Equal Employment Opportunity

Commission has previously also declared that no employee-employer relationship exists in similar situations as described in Complainant's charge of discrimination.

## INDEX OF INVESTIGATIVE MATERIAL

Tab A    Complaint and Intake Documents
Tab B    Investigative Plan & Notes
Tab C    Complainant's Documents and Correspondence
Tab D    Respondent's Position Statement and Correspondence

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

| | |
|---|---|
| IN THE MATTER OF: )<br>)<br>ANNETTE JACKSON, )<br>)<br>COMPLAINANT, )<br>)<br>AND )<br>)<br>)<br>)<br>A.A.R.P., )<br>)<br>)<br>)<br>RESPONDENT. ) | CHARGE NO. 2004SF3801<br>EEOC NO. 21BA42404 |

### NOTICE OF DISMISSAL
### FOR LACK OF JURISDICTION

Ms. Annette Jackson  
740 Joan Court  
Apt. #419  
Peoria, IL 61614

Ms. Karen Lentsch  
Project Director  
A.A.R.P.  
1309 S. 9th Street  
Springfield, IL 62703

DATE: March 23, 2005

REQUEST FOR REVIEW FILING DEADLINE DATE: April 27, 2005

1. YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the DEPARTMENT OF HUMAN RIGHTS (DHR) has determined that there is NOT jurisdiction to pursue the allegations of the charge(s). Accordingly, pursuant to Section 7A-102(D) of the Human Rights Act, Illinois Compiled Statutes, (775 ILCS 5/3-101 et. seq.) and the Rules and Regulations of the DHR (56 Ill. Adm. Code. Chapter II, Section 2520.460), the charge is HEREBY DISMISSED.

2. If Complainant disagrees with this action, Complainant may seek review of this dismissal before the CHIEF LEGAL COUNSEL (CLC), Illinois Department of Human Rights, 100 West Randolph Street, Suite 10-100, Chicago, Illinois, 60601, by filing a "Request for Review" with the CLC within thirty (30) days after receipt of this Notice, by the request for review filing date above. Respondent will be notified by the CLC if a Request for Review is filed.

(continued on page two)

NOTICE OF DISMISSAL FOR LACK OF JURISDICTION
March 23, 2005
Page Two

3. If an EEOC charge number is cited above, this charge was also filed with the Equal Employment Opportunity Commission (EEOC). If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request EEOC to perform a Substantial Weight Review of this dismissal. (Charges filed under the Americans with Disabilities Act of 1990 are automatically given this review.) Please note that in order to receive such a review, it must be requested in writing to EEOC within fifteen (15) days of the receipt of this notice, or if a request for review is filed with the Chief Legal Counsel, within fifteen days of the Chief Legal Counsel's final order. Any request filed prior to your receipt of a final notice WILL NOT BE HONORED. Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite 2800, Chicago, Illinois 60661. Otherwise, EEOC will generally adopt the Department of Human Rights' action in this case.

PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPPOINTMENT IS REQUIRED, CALL 312-353-2713 OR 1-800-669-4000.

                                        DEPARTMENT OF HUMAN RIGHTS

NOD/LOJ
12/01

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS
INVESTIGATION REPORT

DHR NO. 2004SF3801                          EEOC NO. 21BA42404

COMPLAINANT                                 RESPONDENT

Annette Jackson                             A.A.R.P.

I. Issue/Basis                              Finding

   A. Harassment/race, black                A. Lack of Jurisdiction

   B. Unequal terms and conditions of       B. Lack of Jurisdiction
      Employment/race, black

   C. Constructive Discharge/race, black    C. Lack of Jurisdiction

III. Krista G. Sherrock        _____ 3/10/05

IV. Jurisdiction

                                            A. March 4 and March 5, 2004
                                            B. March 2004
    Alleged Violations                      C. March 5, 2004

    Charge Filed                            June 8, 2004

    Perfected Date                          June 8, 2004

V. Finding and conclusion

Complainant alleges in her charge that she was harassed, subject to unequal terms and conditions of employment, and constructive discharge by Respondent, because of her race, black.

Evidence presented indicates that Complainant was a participant in a temporary training/developmental opportunities program for economically disadvantaged individuals age 55 and older, called Senior Community Service Employment Program (SCSEP). This program is a Federal Aid Grant Program funded by the U.S. Department of Labor and various state and non-profit grantees. Participants cannot train in excess of 1300 hours a year and never train more than 40 hours per week. Participants in the program sign "Enrollment Agreements," (Exhibits A-E)44 which indicate that they are not employees of Respondent and that the SCSEP Program is a short-term, work training program to prepare the enrollee for work and is permanent employment.

Section 2-101 (A) (2) (e) states that "employee" does not include a person in a vocational rehabilitation facility certified under federal law who has been designated an evacuee, trainee, or work activity client. Therefore, Respondent does not meet the definition of an employer, under the Illinois Human Rights Act, and a finding of lack of jurisdiction is recommended for the Illinois Department of Human Rights.

A finding of lack of jurisdiction is also recommended for EEOC for the reasons stated above.

#13LOJ.WAC

**Oregon**

Bureau of Labor and Industries

Jack Roberts
Commissioner

MAR 28 2002
44684
OFFICE OF GENERAL COUNSEL

Mailing Date: March 20, 2002

Price for a copy of this file: $15.44
(Please send payment to the Portland Office, Fiscal Services)

CLARA BETH NIELSON
5640 44TH AVE NE
SALEM OR 97305

RE:    Complainant:    CLARA BETH NIELSON
       Respondent:    AARP
       Case Number:    ST-EM-IW-011119-42044

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been dismissed because:

- [ ] The Complainant did not cooperate/could not be located.
- [ ] The Complainant withdrew the complaint/informed us of intention to go to court.
- [ ] The Division did not find sufficient evidence to continue our investigation.
- [x] **The Division does not have jurisdiction because the documents and information submitted by both parties indicate there was no employer-employee relationship.**
- [ ] Other **********.

**NOTICE OF RIGHT TO FILE A CIVIL SUIT**
Even though the Civil Rights Division has dismissed this case, the Oregon Revised Statutes gives you the right to file a suit in a state circuit court based on the allegations in this complaint.

You are hereby notified that a civil suit in state circuit court based on the allegations in this complaint must be commenced within 90 days from the above mailing date, pursuant to ORS 659.095. After 90 days from this date, the right to file in state circuit court is lost. If you are interested in protecting this right, you should consult an attorney immediately.

Further, if the Respondent is a *public* entity, to preserve the right to file a suit in state circuit court you must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). If you are interested in filing suit against a *public* entity, you should consult an attorney immediately concerning these requirements.

Sincerely,
CIVIL RIGHTS DIVISION

*Bev Russell*

Bev Russell, Operations Manager, Eugene Office
cc: Daisy Rush, Director; AARP
     Personnel Manager; AARP; Headquarters
     C T Corporation System; Rp's Authorized Representative/Agent
     Eric D Jensen; Cp's Attorney

| PORTLAND | EUGENE | BEND | MEDFORD |
|---|---|---|---|
| 800 NE Oregon St. #32 | 1400 Executive Parkway, Suite 200 | 2480 NE Twin Knolls Dr. | 700 E Main, Suite 105 |
| Portland, OR 97232 | Eugene, OR 97401 | Bend, OR 97701 | Medford, OR 97504 |
| (503) 731-4070 | (541) 686-7623 | (541) 322-2435 | (541) 776-6270 |
| FAX (503) 731-4103 | FAX (541) 686-7980 | FAX (541) 389-8265 | FAX (541) 776-6284 |
| TTY (503) 731-4106 | | | |

SALEM
3865 Wolverine St. NE; E-1
Salem, OR 97305-1268
(503) 378-3292
FAX (503) 373-7636

PENDLETON
PO Box 459
Pendleton, OR 97801
(541) 276-7884
FAX (541) 276-5767

www.boli.state.or.us
AN EQUAL OPPORTUNITY EMPLOYER

EEOC Form 161 (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**            54318

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Dorothy Erber<br>261 Naylor Street Northeast<br>Palm Bay, FL 32907 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15D-2004-00896 | James Colon, State & Local | (305) 536-4454 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[X] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____    JAN 2 6 2005
Federico M. Costales, District Director    (Date Mailed)

Enclosure(s)

cc:  **AARP Foundation**
**Mel Radowitz, Assistant General Counsel**
**601 E Street NW**
**Washington, DC 20049**