E-FILED
Wednesday, 01 February, 2006  04:43:53 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT D

**Westlaw.**

Not Reported in F.Supp.    Page 1

Not Reported in F.Supp., 1998 WL 395165 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois.
Maureena MARTYNE, Plaintiff,
v.
LUTHERAN HEALTH CARE/LUTHERAN GENERAL (HOSPITAL)/PARKSIDE MEDICAL SERVICES, Defendant.
**No. 97 C 8295.**

July 9, 1998.

MEMORANDUM OPINION AND ORDER

MAROVICH, J.
*1 Plaintiff Maureena Martyne ("Martyne") filed a three-count Complaint against Defendant Lutheran Health Care/Lutheran General (Hospital)/Parkside Medical Services ("Lutheran") alleging that she was discriminated against and terminated: (1) because of her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Count I); (2) because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count II); and (3) because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count III). Lutheran has filed a motion seeking to dismiss Martyne's ADA claim (Count III). For the reasons set forth below, Lutheran's motion to dismiss is granted.

BACKGROUND

Martyne began her employment at Lutheran in 1987. As of March 1992, Martyne was a Senior Counselor in the Independent Living Program, where she counseled patients with chemical dependency or dual disorders (e.g., chemical dependency and mental disability). At that time, Martyne had been a recovering alcoholic for approximately thirteen years and, in July 1992, her physician diagnosed her as suffering from ongoing clinical depression and resurgent stress disorders. (Cmpl. at 5.)

In addition to her medical problems, Martyne had difficulty maintaining abstinence on her recovery program and was concerned that her job performance and/or patient care would be adversely affected. As a result, Martyne requested that the Program Manager reduce her caseload or redistribute patient assignments in order for Martyne to obtain the medical treatment that she required to avoid hospitalization. The Program Manager allegedly told Martyne that her caseload could not be reduced and the patient assignments could not be redistributed. The Program Manager also informed Martyne that while she was "sensitive" to Martyne's needs, the hospital could not accommodate her. The Program Manager warned Martyne that her attempts to obtain counseling should not be allowed to interfere with her duties or performance at work. Martyne maintains that from August 12, 1992 through February 3, 1993, Lutheran consistently denied all requests by her to accommodate her medical treatment. (Cmpl. at 5.)

In addition to her claims of disability discrimination, Martyne alleges that a male co-worker subjected her to verbal abuse and derogatory comments from August 5, 1992 until February 24, 1993. According to Martyne, this co-worker was permitted to take up to 15 hours off every week-an accommodation that was denied to her-and was given his "annual evaluation" in a timely manner while her's was "denied." (Cmpl. at 6.) This co-worker was given a "non-medical" accommodation despite having less experience and being fifteen-years younger than Martyne. (*Id.*)

In early 1993, Martyne's condition worsened and, at her physician's recommendation, she took seven sick days between January 4 and January 19. Then, on February 25, 1993, Martyne began a long-term

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.  Page 2

Not Reported in F.Supp., 1998 WL 395165 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

medical leave of absence. (Cmpl. at 18.)

### DISCUSSION

#### I. *Standards For a Motion to Dismiss*

*2 When considering a motion to dismiss, the Court examines the sufficiency of the complaint, not the merits of the lawsuit. *See Triad Assoc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir.1989). " [T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence that supports the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A motion to dismiss will be granted only if the Court finds that the plaintiff can prove no set of facts that would entitle him to relief. *See Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 432 (7th Cir.1993); *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). On a motion to dismiss, the Court draws all inferences and resolves all ambiguities in the plaintiff's favor and assumes that all well-pleaded facts are true. *See Dimmig v. Wahl,* 983 F.2d 86, 86 (7th Cir.1993).

#### II. *Martyne Failed to File ADEA Charge With the EEOC*

Lutheran moves to dismiss Martyne's ADEA claim on two grounds: (1) Martyne failed to file her charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and therefore has not received a notice of a right to sue under the ADEA; and (2) Martyne failed to allege that she was a member of a protected age group under the ADEA-40 years of age or older. [FN1]

> FN1. In light of this Court's holding on Lutheran's first ground of dismissal, the Court need not address the second ground.

With respect to its first ground for dismissal, Lutheran correctly asserts that the filing of a timely charge of age discrimination with the EEOC is a condition precedent to the filing of a civil action in federal court for a violation of the ADEA. In general, an individual cannot commence an ADEA civil action until "60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]," and only if the charge is filed within a certain time period. 29 U.S.C. § 626(d). Similar to a Title VII claim, a plaintiff is required to file an age discrimination charge with the EEOC so that defendants are adequately appraised of the nature of the charges and are afforded an opportunity to participate in voluntary conciliation proceedings. *Levine v. Bryant,* 700 F.Supp. 949, 954 (N.D.Ill.1988).

Martyne's EEOC charge of discrimination, filed on September 9, 1993, contains no suggestion, either direct or indirect, that she is claiming age discrimination with regard to Lutheran's alleged refusal to accommodate her medical requirements. Martyne's failure to check the appropriate box-"age" -on the EEOC charge form does not necessarily bar her claim, *see Noreuil v. Peabody Coal Co .,* F.3d 254, 259 (7th Cir.1996) (citing *Kristufek v. Hussman FoodService Co., Toastmaster Div.,* 985 F.2d 364, 368 (7th Cir.1993)); however, her failure to make even a cursory reference to the age of the parties in the factual narrative of her charge is fatal. Martyne simply did not describe any conduct by Lutheran that could be reasonably construed as age discrimination when describing her sex and disability discrimination allegations. *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.1976) (discrimination in plaintiff's complaint must be "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations"); *Hill v. Human Rights Comm'n,* 735 F.Supp. 255, 256 (N.D.Ill.1990) ("A relation between the charge and claim must be rooted firmly in the plain language of the charge, subject to reasonable interpretation.").

*3 Martyne, in her response, acknowledges that the box provided on her EEOC charge for indicating a claim of age discrimination is not checked off. She contends, however, that the EEOC "lost" her original EEOC charge on which the "age discrimination" box was checked. Consequently,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                           Page 3
Not Reported in F.Supp., 1998 WL 395165 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

either she or the EEOC-Martyne is not specific-made a mistake when the second charge was filled out and her claim of age discrimination was omitted.

It is impossible for the Court to determine the veracity of Martyne's claim. Nevertheless, even if this Court accepts her account as true for purposes of this motion, the fact remains that her current EEOC charge and right to sue letter do not mention her claim of age discrimination. Moreover, as previously discussed, Martyne's charge of discrimination is completely devoid of any reference or support for her contention that Lutheran's refusal to accommodate her medical requirements was based on age discrimination. From the information provided to it, this Court cannot conclude that Martyne's age discrimination claim is "like or reasonably related to" the allegations in her EEOC charge. Accordingly, Lutheran could not have received "adequate notice" or the opportunity to attempt to resolve Martyne's age discrimination claim-a necessary predicate to her federal Complaint. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

CONCLUSION

For the foregoing reasons, this Court grants Lutheran's motion to dismiss Martyne's ADEA claim.

N.D.Ill.,1998.
Martyne v. Lutheran Health Care/Lutheran Gen. (Hosp.)/Parkside Medical Services
Not Reported in F.Supp., 1998 WL 395165 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 1:97cv08295 (Docket) (Dec. 08, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.