IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES E. HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:05-CV-3179-RM-CHE |
| v. ) | |
| ) | District Judge Richard Mills |
| YMCA ) | |
| ) | Magistrate Judge Charles H. Evans |
| and ) | |
| ) | |
| AARP, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF DEFENDANT AARP FOUNDATION'S
MOTION FOR SUMMARY JUDGMENT**

**I.    Plaintiff Has Failed to Counter Any of AARP Foundation's Undisputed Material Facts with Admissible Evidence.**

In its Motion for Summary Judgment filed and served on February 1, 2006, AARP Foundation set forth twenty-eight statements of material fact demonstrating (in combination with applicable legal authorities) that Plaintiff, as a beneficiary of a federally-funded aid program administered through AARP Foundation, could not be considered its employee. After AARP Foundation filed its Motion, this Court sent Plaintiff the notice to *pro se* litigants required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), explaining to Plaintiff the consequences of failing to properly respond to a motion for summary judgment. Specifically, Plaintiff was informed that AARP Foundation's statements of fact would be accepted as true unless he submitted "affidavits or other documentary evidence contradicting [AARP Foundation's] assertions." *See* February 8, 2006 Letter from Clerk of Court (Doc. # 24) at 1. However, Plaintiff's February 21, 2006 response to AARP Foundation's Motion for Summary Judgment contains no affidavits, declarations or other "materials of evidentiary quality" whatsoever, much

CH:90795v1

less materials of evidentiary quality which contradict any of the material facts set forth by AARP Foundation in its Motion. *See Smith v. Caterpillar, Inc.*, No. 05-1082, 2006 WL 306652 at *1 (C.D. Ill. Feb. 8, 2006)[1] (*pro se* summary judgment respondent – while not held to technical standard of CDIL-LR 7.1(D)(2)(b), which requires point-by-point response to movant's statements of material fact – still must submit "materials of evidentiary quality (such as affidavits or depositions)" in order to create a genuine issue of material fact) (quoting *Green v. National Steel Corp.*, 197 F.3d 894, 899 (7th Cir. 1999)); *see also Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996) (evidence relied on by non-moving party must be of the type otherwise admissible at trial), *cited in Smith*, 2006 WL 306652 at *1. Accordingly, AARP Foundation respectfully submits that each of its undisputed material facts must be accepted as true and uncontradicted by this Court. Those facts, along with the legal authorities proffered by AARP Foundation, demonstrate that Senior Community Service Employment Program ("SCSEP") beneficiaries such as Plaintiff are not AARP Foundation's employees, and consequently, AARP Foundation is entitled to summary judgment upon Plaintiff's employment-discrimination claim.

**II.     Even if Plaintiff's Response is Considered Despite its Evidentiary Insufficiency, Plaintiff has Failed to Demonstrate the Existence of a Genuine Issue of Material Fact or Otherwise to Show that AARP Foundation is Not Entitled to Summary Judgment.**

AARP Foundation's entitlement to summary judgment rests upon two grounds. The first basis is that as a matter of law – taking into consideration legislative history concerning the SCSEP as well as case law dealing with the closely analogous Senior Environmental Employment ("SEE") program – SCSEP aid recipients such as Plaintiff do not become employees of the charitable organizations such as AARP Foundation that administer the SCSEP

---

[1] Courtesy copy attached as Exhibit A.

(or the charitable organizations such as the YMCA at which aid recipients perform community service and receive training) and concomitantly are not able to sue those entities for employment discrimination. Plaintiff has not responded to this portion of AARP Foundation's argument.

The second justification for granting summary judgment to AARP Foundation is independent of the first. Even if this Court were to disagree that the pertinent legal authorities compel a finding that SCSEP enrollees are not employees of SCSEP sponsors like AARP Foundation, the undisputed facts of the relationship between Plaintiff and AARP Foundation do not satisfy the applicable Seventh Circuit common-law test for the existence of an employer-employee relationship. Giving Plaintiff's response a generous and liberal reading, it appears that he attempts to make three points in response to this argument (albeit without any sufficient evidentiary support), and in the interest of justice, AARP Foundation will briefly address them.

The first point concerns the signatures of Plaintiff and AARP Foundation SCSEP Project Director Karen Lentsch on the "Application for SCSEP Services" (Motion, Ex. A-2) which contains Plaintiff's acknowledgment of the absence of an employment relationship between himself and AARP Foundation. Plaintiff attempts to cast doubt on the authenticity of Ms. Lentsch's signature, and on the veracity of her affidavit statement (Motion, Ex. A, ¶ 14) that she witnessed Plaintiff's signature. With all due respect to Plaintiff, who has not established his credentials as a handwriting analysis expert, the various signatures of Ms. Lentsch that appear in the summary judgment record all seem virtually identical to the undersigned's admittedly untrained eye, and there is no *competent* evidence in the record indicating that any signature purporting to be that of Ms. Lentsch is not genuine. In any event, it is *Plaintiff's* signature that is more significant, and he has *not* disputed that he signed the exhibit in question (at best, he has offered only an unsworn statement that Ms. Lentsch did not witness his signature). Ms.

Lentsch's signature is relatively unimportant because AARP Foundation has not based its common-law argument solely on the existence of a bilateral agreement between AARP Foundation and Plaintiff that he was not to be AARP Foundation's employee. Such an argument would be unavailing because, as the Court is undoubtedly aware, such "agreements" are not by themselves dispositive of the question as to whether, for instance, a purported "independent contractor" is in fact an independent contractor and not an employee; indeed, the common-law test was developed and exists just so courts can analyze the substance and realities of such relationships rather than be bound by superficial form. Instead, AARP Foundation's argument is that Plaintiff acknowledged and understood that he was not entering into an employment relationship, which means that Plaintiff could not reasonably have had an expectation of an employment relationship with AARP Foundation, and thus cannot satisfy (in addition to the others) the fifth factor of the Seventh Circuit's five-factor common-law test. *See* Motion at 15. That argument is undisturbed by Plaintiff's response, which is devoid of any competent evidence that he did not sign the Application for SCSEP Services.

The second of Plaintiff's response points concerns the first and most important factor of the five-factor common-law test: the extent to which the purported employer (in this case, according to Plaintiff, AARP Foundation) exercised "control and supervision over the worker, including directions on scheduling and performance of work." *See* Motion at 14 (quoting *E.E.O.C. v. North Knox Sch. Corp.*, 154 F.3d 744, 747 (7th Cir. 1998)). AARP Foundation's summary judgment evidence includes this sworn statement by Ms. Lentsch:

> As AARP Foundation SCSEP Project Director, I did not supervise Mr. Henderson's performance of any aspect of his assignment at the YMCA, and did not direct or control the nature of the services performed at the YMCA by Mr. Henderson in any manner whatsoever.

[Motion, Ex. A, ¶ 18.] In his unsworn response, Plaintiff alleges:

> The relationship was like an employer and employee relationship regardless of what I signed. I was treated as an employer and employee relationship because I answered to the Aarp [sic] Foundation and how much I had to report to them. I had to answer to Aarp [sic] Foundation. A reasonable person would consider an employer and employee relationship. The intent has nothing to do with it, the actions showed that we had an employer and employee relationship.

[Pltf's Resp. at 3-4.]

Again, with all due respect to Plaintiff, he has failed to establish by competent evidence that he performed services *for* AARP Foundation, much less that AARP Foundation controlled and supervised him in the performance of those or any other services. In fact, it is undisputed that Plaintiff was assigned to perform community service by assisting with laundry-room duties at the YMCA. How, where and when he performed those duties was overseen by the YMCA. AARP Foundation does not run the YMCA's laundry room. While Plaintiff certainly was required to *cooperate* with AARP Foundation[2] in order to continue participating in the program and receiving its benefits, this does not equate to *becoming employed by* AARP Foundation. Plaintiff has not shown and cannot show via competent evidence that the community service he performed at the YMCA was directed or controlled in any manner by AARP Foundation.

The final response point proffered by Plaintiff that is even arguably worthy of discussion is his attachment of a photocopy of three W-2 Forms to his Response. The copies are not

---

[2] For instance, Paragraph 2(c) of Plaintiff's Application for SCSEP Services (*see* Motion, Ex. A-2 at ¶2(c)) states "I agree…that if I am enrolled I will cooperate with the Project Director/Employment Specialists by: accepting referrals and interviews for unsubsidized jobs[;] conducting an ongoing search for unsubsidized employment…[;] maintaining registration with the State Employment Service and/or One Stop Center[; and] attending job search training, job clubs, enrollee meeting, etc. when required by the Project Office, and to engage in continuing unsubsidized job search activities." Likewise, Paragraph 7 (*see* Motion, Ex. A-2 at ¶7) states "My enrollment in the SCSEP is based on a number of things, including my continuing eligibility, satisfactory performance of my work-training assignments at Host Agencies; maintenance of suitable transportation that allows me to accept training and an unsubsidized job at locations throughout my community; and my willingness to actively cooperate in the job search process as spelled out in my IEP and directed by the Project Director and/or project site staff."

authenticated, and they are for the years 1998, 1999 and 2002 – years that are not at issue in the present lawsuit (which concerns only 2004).  Moreover, the only *competent* evidence before the Court is that the sole source of the financial assistance received by SCSEP enrollees such as Plaintiff is federally-provided grant funds; AARP Foundation receives grant funds from the U.S. Department of Labor and administers those funds for the benefit of eligible enrollees.  [Motion, Ex. A, ¶¶ 2, 4, 6.]  AARP Foundation is simply one of the conduits through which federal aid under the SCSEP is directly distributed to eligible beneficiaries to subsidize the temporary community service and training that helps prepare them to earn unsubsidized employment.  [Motion, Ex. A, ¶¶ 2, 3.]  The issuance of a W-2 Form is no more dispositive of the question as to whether a particular individual is an employee than the issuance of a Form 1099 is dispositive of the question as to whether a particular individual is *not* an employee.  The totality of the facts presented by AARP Foundation – the only facts presented to this Court in admissible form – indicate that (1) Plaintiff was a federal aid program beneficiary who was assigned to perform community service and receive training at the YMCA; (2) AARP Foundation's only role was to determine Plaintiff's eligibility for and enroll him in the program, and otherwise administer the federal grant funds for the benefit of Plaintiff and other eligible enrollees; (3) AARP Foundation did not supervise or direct any aspect of Plaintiff's performance of services at the YMCA in any manner whatsoever; (4) the sole source of the financial assistance provided to SCSEP enrollees such as Plaintiff in connection with their participation in the program was federally-provided grant funds; and (5) Plaintiff had no reasonable expectation of entering into an employment relationship with AARP Foundation because he acknowledged at the time of his enrollment that he would not be AARP Foundation's employee.  Accordingly, in addition to the fact that SCSEP enrollees cannot be considered AARP Foundation's employees as a matter of law, AARP

Foundation is entitled to summary judgment because the undisputed facts show that Plaintiff was not AARP Foundation's employee under the Seventh Circuit's common-law test for the existence of an employment relationship.

## III. CONCLUSION

It seems obvious that Plaintiff wishes to advance a claim that he was discriminated against by, or otherwise unfairly treated in the administration of, a government aid program. For the record, AARP Foundation adamantly denies discriminating against Plaintiff on any basis, and if it were necessary to do so, would demonstrate the utter lack of substantive merit to Plaintiff's discrimination claim. But the Age Discrimination in Employment Act of 1967 – the statute that Plaintiff has chosen to invoke in the present case – prohibits only discrimination in *employment*, and the undisputed evidence is that Plaintiff was not AARP Foundation's employee, as a matter of both law and fact. This is not to say that if the Court grants summary judgment to AARP Foundation, it will be ruling that a SCSEP participant with a *meritorious* claim of discrimination[3] is always without a remedy; there are federal statutes that prohibit discrimination on the basis of various immutable characteristics in the administration of government programs (and attendant procedures that must be followed in order to properly bring a lawsuit). But Plaintiff has not stated a claim under any of those statutes, and for purposes of the present lawsuit, which Plaintiff has chosen to cast as an employment-discrimination lawsuit, it must suffice for AARP Foundation to show that Plaintiff was not its employee. For the foregoing reasons, Defendant AARP Foundation respectfully submits that the Court must grant summary judgment for Defendant as a matter of law on all of Plaintiff's claims in this litigation.

---

[3] The discrimination cannot be age-based, however, since explicitly age-based federal assistance programs are exempt from the statute – the Age Discrimination Act of 1975, *see* 42 U.S.C. § 6103(b)(2) – that prohibits age discrimination in the administration of programs or activities receiving federal financial assistance.

Respectfully submitted,

AARP Foundation

By: One of Its Attorneys

s/Michael P. Butler
Attorney Bar Number: 06224597
Attorney for Defendant AARP Foundation
EPSTEIN BECKER & GREEN, P.C.
150 N. Michigan Avenue, 35th Floor
Chicago, Illinois 60601
Telephone: (312) 499-1400
Facsimile: (312) 845-1998
Email: mbutler@ebglaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 9, 2006, I presented the foregoing REPLY IN SUPPORT OF DEFENDANT AARP FOUNDATION'S MOTION FOR SUMMARY JUDGMENT to the Clerk of the Court for filing and uploading to the CM/ECF system, and that an exact copy of the foregoing was served by first class mail delivery upon Plaintiff James Henderson, 2109 E. Jackson, Springfield, IL 62703.

s/Michael P. Butler
Attorney Bar Number: 06224597
Attorney for Defendant AARP Foundation
EPSTEIN BECKER & GREEN, P.C.
150 N. Michigan Avenue, 35th Floor
Chicago, Illinois 60601
Telephone: (312) 499-1400
Facsimile: (312) 845-1998
Email: mbutler@ebglaw.com