UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES E. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 05-3179 |
| | ) | |
| YMCA and AARP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court now considers Defendant AARP Foundation's Motion for Summary Judgment.

### FACTS

The AARP Foundation (the "AARP") is a non-profit grantee and national sponsor of the Senior Community Service Employment Program ("SCSEP"). SCSEP is funded by the Department of Labor and designed "to foster and promote useful part-time opportunities in community service activities for unemployed low-income persons who are 55 years or

1

older and who have poor employment prospects, […] to foster individual economic self-sufficiency and to increase the number of persons who may enjoy the benefits of unsubsidized employment in both the public and private sectors[.]" 42 U.S.C. § 3056(a)(1); 20 C.F.R. § 641.120. The AARP administers SCSEP grant funds for the benefit of eligible enrollees, places enrollee-participants with community non-profit or public "host agencies" on a temporary basis to receive training and perform community service, and assists participants with finding part-time or full-time jobs.

*Pro se* Plaintiff James Henderson was born on May 21, 1935. He enrolled in SCSEP on October 21, 2001, but left about five months later due to poor health. As a condition to his SCSEP enrollment, Henderson agreed to cooperate with the SCSEP Project Director, accept reassignments, and to actively search for and accept employment. Henderson had to sign a written agreement acknowledging these obligations. The agreement expressly provided that Henderson was not employed by the AARP Foundation.

Henderson re-enrolled in SCSEP on May 14, 2004. He was subsequently placed with Springfield's Young Men's Christian Association ("YMCA") and performed laundry duties. His placement was temporary, scheduled to last 30 days. Plaintiff expressly affirmed his understanding that "the assignments participants have while enrolled in the program are not 'jobs'" and explicitly stated "I acknowledge that training with the Host Agency is NOT a job and if I am enrolled I am not an employee of either the AARP Foundation or the [YMCA]."

During Henderson's time at the YMCA, the YMCA determined that Henderson was not qualified for any available position. Thus, the YMCA let Henderson go.

Henderson sued the YMCA and the AARP for age discrimination[1]. The YMCA has been dismissed from the suit. The AARP has moved for summary judgment on Henderson's claims. Henderson has responded to

---

[1] Henderson alleges that he was fired and replaced with a younger, white male. Henderson did not exhaust mandatory administrative remedies by presenting a charge of race discrimination to the EEOC and obtaining a notice of right to sue. See 42 U.S.C. § 2000e-5(e)(1), (f)(1). Accordingly, the Court will only entertain his age discrimination claim. See Geldon v. South Milwaukee Sch. Dist., 414 F.3d 817, 819 (7th Cir. 2005) (Title VII plaintiff may only bring claims that were included in the EEOC charge or ones that are reasonably related to the allegations of the charge); Crawford v. Bank of America, 986 F. Supp. 506, 508 (N.D. Ill. 1997) (race discrimination claim is not reasonably related to allegations of sex discrimination in EEOC charge).

the AARP's motion, but his response cites no legal authority and offers little to no admissible evidence.

## STANDARD OF REVIEW

Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir.2003) (internal quotation and citation omitted). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-movant's evidence is to be believed and all justifiable inferences are to be drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court may grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the non-movant. Id. at 248, 106 S.Ct. 2505.

The non-movant may withstand summary judgment only by showing that the evidence is such that a reasonable jury could render a verdict in its favor. Id. The non-movant may not merely rest upon the allegations or details in his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 322, 106 S.Ct. 2548; Anderson, 477 U.S. at 248, 106 S.Ct. 2505.

## ANALYSIS

To prevail on his age discrimination in employment claim, Henderson must prove that he was employed by, or applied for employment with, the AARP. See Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621, *et seq.* The employment status of SCSEP enrollees is not explicitly defined in the Act or SCSEP's regulations. See 42 U.S.C. § 3056b(a)); 20 C.F.R. § 641.590. Nevertheless, legislative history indicates that SCSEP participants are not to be considered employees of grantees and national sponsors such as the AARP. For instance, the Senate Committee on Appropriations Report to the Departments of Labor, Health and Human Services, and Education

and Related Agencies Appropriation Bill, 1993 states:

> The Committee reaffirms that participants in the Senior Community Service Employment Program are enrollees in a work experience program. They are not employees of the U.S. Department of Labor or State and national sponsors administering the Senior Community Service Employment Program.

S. Rep. No. 102-397, at 15 (1992).

Similarly, the Senate Committee on Appropriations Report to the Departments of Labor, Health and Human Services, and Education and Related Agencies Appropriation Bill, 1994 states:

> The Committee reaffirms that participants in the Senior Community Service Employment Program are enrollees in a work and training experience program. They are not employees of the Department of Labor or State and national sponsors administering the SCSEP.

S. Rep. No. 103-143, at 16 (1993).

Courts which have considered the meaning of the term "employee" in legislation substantially similar to SCSEP have held that program participants are not employees of the sponsoring agency. See <u>Omeli v. Nat'l Council of Senior Citizens</u>, 12 Fed. Appx. 304, 307 (6th Cir. 2001); <u>Jaffer v. Nat'l Caucus and Center on Black Aged, Inc.</u>, 296

6

F.Supp.2d 639, 641 (M.D.N.C. 2003).

Moreover, when Henderson signed the "Application for SCSEP Services" in May 2004, he acknowledged that he was not an employee of the AARP. Even if this were not so, Henderson could not show that he was an employee given that an employer/employee relationship was plainly absent here.

This Circuit uses a common law test for determining whether an employer-employee relationship exists. See E.E.O.C. v. North Knox Sch. Corp., 154 F.3d 744, 747 (7th Cir. 1998). Five factors are examined when determining the contours of the relationship. Id. The factors are as follows: (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the work place, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or

expectations.  Id. at 492.

Here, the YMCA controlled and directed Henderson's work.  The AARP merely placed Henderson at the YMCA.  The skills Henderson acquired while doing laundry at the YMCA were limited.  The AARP administered grant money to pay Henderson for working at the YMCA, but it did not pay any costs, etc. associated with Henderson's position.  Furthermore, Henderson's placement was temporary—it was intended to help him secure permanent employment elsewhere.  These factors, on the whole, show that Henderson was not employed by the AARP.

Ergo, Defendant AARP's Motion for Summary Judgment (d/e 23) is ALLOWED.

This case is CLOSED.

IT IS SO ORDERED.

ENTER:  March 20, 2006

FOR THE COURT:

s/ Richard Mills
United States District Judge